IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF

VS.                        CASE NO. 15-5002

$9,820.00 IN UNITED STATES
CURRENCY                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Claimant Francisco Miguel Santana's **Motion to Set Aside Forfeiture Complaint (Doc. 13),** the Government's **Response (Doc. 15),** the Government's **Supplements (Docs. 18, 22),** and Santana's **Replies (Docs. 20, 26).**

### BACKGROUND

The Government instituted this action by filing a Complaint for Forfeiture In Rem on January 5, 2015 (Doc. 1.)  The property at issue is $9,820.00 in currency that was seized from Santana on or about September 20, 2012, and is presently in the custody of the Springdale, Arkansas Police Department.  The Government asserts that the currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it was furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or used or intended to be used to facilitate a violation of the Controlled Substances Act.

1

The Government attaches to its complaint an affidavit from William Mason, a Task Force Officer with the Department of Homeland Security Investigations ("HSI"). According to Officer Mason:

* On July 11, 2012, Santana was indicted in this District in Case No. 12-50036-001 on charges of conspiracy to distribute methamphetamine and distribution of methamphetamine. Due to the ongoing investigation, Santana was not arrested at that time.

* On September 20, 2012, Santana was arrested in the driveway of his residence in Springdale on state charges for aggravated assault and terroristic threatening. The charges stemmed from threats against a federal witness, who had advised law enforcement that Santana was a high-ranking drug trafficker. At the time of his arrest, a small baggie containing approximately three grams of suspected methamphetamine was found on the ground in close proximity to where Santana was arrested. Santana gave written consent to a search of his vehicle and officers located two fully loaded handguns, a bag containing the subject currency, a laptop computer, what appeared to be four drug trafficking ledgers, and three cellular phones belonging to Santana. Santana was subsequently charged in Washington County Circuit Court with simultaneous possession of guns and drugs. Since

his arrest on September 20, 2012, all the evidence seized at the time of his arrest, including the currency at issue, has been stored in the Springdale Police Department Evidence Room for safekeeping.[1]

* On January 9, 2013, Santana was indicted in the Western District of Kentucky (Case No. 13-cr-0007) on charges of conspiring to distribute marijuana and heroin.

* Santana's charges in this District were transferred to the Western District of Kentucky. On January 22, 2014, Santana pled guilty to conspiring to possess with intent to distribute heroin, marijuana, and methamphetamine. On June 26, 2014, Santana was sentenced to 188 months imprisonment.

## DISCUSSION

Santana moves to set aside the forfeiture complaint for "insufficient notice," arguing that the Government failed to provide him written notice of the forfeiture proceeding within 60 days of the seizure, as required by 18 U.S.C. § 983(a)(1)(A)(i). As the Government points out, the 60-day notice deadline does not apply to civil judicial forfeiture actions like the instant one, but, rather, to non-judicial administrative forfeiture proceedings. See 18 U.S.C. § 983(a)(1)(A)(i) ("[I]n any *nonjudicial civil*

---

[1]On June 2, 2015, the state charges against Santana were nolle prossed (Doc. 28-1.)

*forfeiture proceeding* . . . notice shall be sent . . . [within] 60 days after the date of seizure") (emphasis added); <u>United States v. $78,700.00</u>, 2014 WL 1342863, *4-5 (W. D. Tex. April 3, 2014); <u>In re Funds on Deposit</u>, 919 F. Supp. 2d 169, 173-78 (D. Mass. 2012); <u>United States v. $147,900.00 in U.S. Currency</u>, 2009 WL 903356, *4 (M.D. N.C. Mar. 31, 2009), <u>vacated in part on other grounds</u>, 450 Fed. Appx. 261 (4th Cir. 2011).

While not raised by Santana in his motion to set aside the forfeiture complaint, the undersigned directed the Government to file a supplement to their response, addressing the applicable statute of limitations and the timeliness of the institution of this forfeiture action.  (Doc. 17.)  The relevant statute of limitations is found at 19 U.S.C. § 1621, which provides that a forfeiture action must be commenced "within five years after the time when the alleged offense was discovered, or . . . within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later."  <u>See</u> 21 U.S.C. § 881(d) (providing that provisions of the customs laws concerning forfeiture, which include statute of limitations set forth in 19 U.S.C. § 1621, apply to forfeitures under 21 U.S.C. § 881).  According to the factual basis stated in Santana's plea agreement in the Western District of Kentucky (Case No. 13-0007 Doc. 64 ¶ 3), Santana began conspiring to distribute methamphetamine in the Western District of Arkansas and elsewhere

on January 1, 2012.  Thus, this is the earliest the Government could have discovered the alleged offense, and the statute of limitations would not run until five years after that date, January 1, 2017.  The forfeiture action is, therefore, timely under the applicable statute of limitations.

Even if a forfeiture action is brought within the statute of limitations, it is possible that the delay in bringing the action could violate a claimant's due process rights.  The Supreme Court has ruled that the balancing test of Barker v. Wingo, 407 U.S. 514 (1972), developed to determine when Government delay has abridged the right to a speedy trial, "provides the appropriate framework for determining whether the delay [in filing a forfeiture action] violated [a claimant's] due process rights to be heard at a meaningful time."  United States v. $8,850, 461 U.S. 555, 565 (1983).  The balancing test involves consideration of four factors: (1) the length of the delay; (2) the reason for the delay; (3) the claimant's assertion of his right; and (4) the prejudice to the claimant.  Id. at 564.  While the delay between seizure of the currency and institution of the forfeiture action exceeded two years, the reason for the delay was the pending criminal proceedings and the possible use of the currency as evidence. Further, there is no indication that Santana sought return of the currency, indeed, he could not have while it still had the potential to be used as evidence.  See 18 U.S.C. § 983(f)(8)(B).

5

Finally, Santana has not demonstrated that he was prejudiced by the delay in any way. Thus, considering the <u>Barker</u> factors, the undersigned concludes that Santana's due process rights were not violated by the delay in instituting the forfeiture action. <u>Cf.</u> <u>United States v. Coffman</u>, 2015 WL 2167033, *10-11 (6th Cir. May 11, 2015) (finding that nearly four and a half year delay did not violate due process and noting that "pending criminal proceedings can justify delay in instituting civil forfeiture proceedings"); <u>United States v. Ninety-Three (93) Firearms</u>, 330 F.3d 414, 425-26 (6th Cir. 2003) (five-year delay in commencing judicial forfeiture action did not rise to the level of a due process violation, as claimant had pending criminal proceedings, claimant had not sought return of his property, and claimant suffered no prejudice from the delay); <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 567 (9th Cir. 1995) (finding no due process violation caused by 30-month delay between seizure of funds and initiation of forfeiture proceedings); <u>United States v. Assorted Comput. Equip.</u>, 2004 WL 784493, *3-4 (W. D. Tenn. Jan. 9, 2004) (finding no due process violation arising from four-year delay from time of seizure to commencement of forfeiture action, as the Government delayed until after the claimant was sentenced on related criminal charges).

## CONCLUSION

Based on the foregoing, the undersigned recommends **DENYING** Santana's **Motion to Set Aside Forfeiture Complaint (Doc. 13).  The**

**parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August, 2015.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE