## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                CASE NO.: 5:15-CV-05002

$9,820.00 IN UNITED STATES CURRENCY                              DEFENDANT

## <u>ORDER</u>

On August 28, 2015, the Honorable Erin L. Setser, United States Magistrate Judge

for the Western District of Arkansas, submitted a Report and Recommendation ("R & R")

(Doc. 32) as to claimant Francisco Miguel Santana's Motion to Set Aside Forfeiture

Complaint (Doc. 13).  She also considered the Government's Supplements (Docs. 18, 22),

and Santana's Replies (Docs. 20, 26).  In light of Santana's objections (Doc. 34), which he

filed on September 14, 2015, the Court has undertaken a *de novo* review of the case.

On January 5, 2015, the Government filed a Complaint for Forfeiture in Rem

(Doc. 1) concerning the property at issue, $9,820.00 in currency that was seized from

Santana during an arrest that occurred on or about September 20, 2012.  According to the

Government, the currency is subject to forfeiture because it was either furnished or

intended to be furnished in exchange for a controlled substance, was traceable to such an

exchange, or was used or intended to be used to facilitate a violation of the Controlled

Substances Act.  Santana now moves to set aside the forfeiture Complaint for insufficient

notice.  He contends that there was a 60-day deadline to file the complaint, as measured

from the date of the seizure, according to 18 U.S.C. § 983(a)(1)(A)(i), and the Complaint

here was filed more than two years after the seizure.

1

As the Magistrate explained in the R & R, the 60-day deadline only applies to non-judicial administrative forfeitures, not to judicial forfeitures.  The statute of limitations that applies to judicial forfeitures is found at 19 U.S.C. § 1621, which provides that such an action must be commenced "within five years after the time when the alleged offense was discovered, or . . . within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later."  The Magistrate Judge requested further briefing from the Government as to the statute of limitations issue, and through that process discovered that, according to the factual basis stated in Santana's plea agreement filed in the Western District of Kentucky (Case No. 13-0007, Doc. 64), the alleged offense was discovered on January 1, 2012, which makes the filing of the forfeiture Complaint in this Court—some three years later—timely.

Nevertheless, the Magistrate Judge explained in the R & R that even if a judicial forfeiture action is brought within the relevant statute of limitations period, a delay in bringing the action could violate a claimant's right to due process of law.  To determine whether such a right was violated, the Court must balance and consider the length of the delay, the reason for the delay, the claimant's assertion of his right, and the prejudice to the claimant.  *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).  In the R & R, the Magistrate Judge weighed these four factors and determined that Santana's due process rights were not violated by the Government's delay in commencing the forfeiture action.

Turning to Santana's first objection, he claims that, contrary to the Government's assertions, the currency at issue here was never intended to be used as evidence in a pending criminal proceeding and consequently is not the proper subject for a forfeiture in rem.  In evaluating this objection, the Court observes that it does not relate to the alleged

2

notice deficiency, which is the sole subject of Santana's Motion to Set Aside Forfeiture Complaint.  Instead, the objection purports to assert a basis for dismissing the Complaint in its entirety for failure to state a claim.  If evaluating the objection is this light, the Complaint for Forfeiture in Rem would survive dismissal at this stage in the proceedings if it "contain[ed] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court finds that the sworn affidavit testimony (Doc. 1-2) of Drug Task Force Officer William Mason, attached to the Complaint, explains with specificity that the $9,820.00 in currency at issue here was seized from Santana's vehicle on September 20, 2012, along with a laptop computer, two fully loaded handguns, three cellular phones, and four ledgers that appeared to relate to drug trafficking.  At the time of this seizure, Santana had already been indicted in the Western District of Arkansas on charges of conspiracy to distribute methamphetamine and distribution of methamphetamine, and he had also been indicted in the Western District of Kentucky for conspiracy to distribute marijuana and conspiracy to distribute heroin.  Santana's methamphetamine charges in this district were transferred to the Western District of Kentucky, and there, Santana pleaded guilty to conspiring to possess with the intent to distribute heroin, marijuana, and methamphetamine and was sentenced to 188 months of imprisonment.  There is no doubt that the Complaint and attached affidavit are sufficient to survive a motion to dismiss, had such been filed.  Santana's first objection is overruled.

As for Santana's second objection, he observes that he "initiated process to have his State case dismissed and to recover seized property dating back to October 17, 2014." (Doc. 34, p. 2).  This objection is irrelevant to the pending Motion to Set Aside Forfeiture

Complaint.  Further, the objection has no bearing on the question of whether the Complaint sufficiently states a cause of action for forfeiture.  The objection is therefore overruled.

Santana's third and final objection is that this judicial forfeiture should somehow be considered  an administrative forfeiture subject to the 60-day limitations period.  Santana provides no legal or factual basis for this contention, and the objection is therefore overruled.

In light of the above rulings, the R & R (Doc. 32) is **ADOPTED IN ITS ENTIRETY**, and the Motion to Set Aside Forfeiture Complaint (Doc. 13) is **DENIED**.

**IT IS SO ORDERED** on this 5th day of October, 2015.

 /s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE