```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                  PLAINTIFF

VS.                         CASE NO. 15-5002

$9,820.00 IN UNITED STATES
CURRENCY                                                  DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Government's **Second Motion to Strike Claim for Failure to Comply with Rule G(5)(b) and for Final Order of Forfeiture (Doc. 40).** Also before the Court is Claimant Francisco Miguel Santana's **Motion to Suppress (Doc. 19).**

### BACKGROUND

The Government instituted this action by filing a Complaint for Forfeiture In Rem on January 5, 2015 (Doc. 1.) The property at issue is $9,820.00 in currency that was seized from Santana on or about September 20, 2012, and is presently in the custody of the Springdale, Arkansas Police Department. The Government asserts that the currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it was furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or used or intended to be used to facilitate a violation of the Controlled Substances Act.

On April 14, 2015, Santana filed a motion to set aside the forfeiture complaint for "insufficient notice." (Doc. 13.) On

August 28, 2015, the undersigned entered a Report and Recommendation recommending that this motion be denied. (Doc. 32.) The Report and Recommendation was adopted on October 5, 2015. (Doc. 35.) The undersigned then entered an order, granting Santana until October 19, 2015, to file an answer to the forfeiture complaint, as required by Supp. R. Adm. & Mar. G(5)(b). (Doc. 36.)

Instead of complying with this order, Santana filed another motion to set aside the forfeiture complaint (Doc. 38), which the undersigned denied (Doc. 39) for the reasons stated in the Court's prior orders. The undersigned denied the Government's motion to strike Santana's claim based on his failure to file an answer (Doc. 37), and granted Santana until November 30, 2015, to file an answer. The undersigned cautioned Santana that the failure to file an answer by this deadline could result in his claim be stricken and an order of forfeiture being entered. (Doc. 39.) Santana did not file an answer in compliance with this order and, on December 1, 2015, the Government filed the motion now before the Court, seeking to strike Santana's claim based on his failure to file an answer and requesting the entry of a final order of forfeiture. (Doc. 40.) Santana has not responded to this motion.

## DISCUSSION

Supp. R. Adm. & Mar. G(5)(b) requires a claimant to file an answer to a forfeiture complaint or a motion under Fed. R. Civ. P. 12 within 21 days after filing the claim. To establish statutory

standing in a federal forfeiture action, "strict compliance" with the procedural requirements of the forfeiture rules is typically required. United States v. Any and All Funds on Deposit in Bank of America Account No. 004836378025, 2015 W.L. 5173044, *1 (S.D. N.Y. Sept. 3, 2015). Courts routinely strike claims where a claimant fails to comply with the deadlines provided in the rules. Id. In Bank of America, the district court granted the Government's motion to strike the claim, reasoning that over a year had passed since the claimant's answer was due and the claimant failed to oppose the motion to strike or provide an explanation to excuse a late filing. In United States v. $36,110.00 in U.S. Currency, 2010 W.L. 6065117, *2 (D. S.C. Dec. 17, 2010), the claimant failed to file an answer after his motion to dismiss was denied. The district court noted that Rule G(5)'s requirements were "plain and unambiguous" and that the Rule required strict compliance. Because the claimant failed to file an answer in compliance with Rule G(5), the district court granted the Government's motion for default judgment and entered a decree of forfeiture.

    In the present case, the undersigned construed Santana's motion to set aside the forfeiture complaint (Doc. 13) as a Rule 12 motion and, once this motion was denied, gave Santana a deadline by which to file an answer. Santana did not comply with this order and instead filed another motion to set aside the forfeiture complaint. The undersigned denied this motion and granted Santana

another extension in which to file an answer.  The complaint in this case has now been pending for over a year and Santana has not filed an answer, nor has he responded to the Government's motion to strike his claim based on his failure to file an answer.  The undersigned finds that Santana has been give ample time and opportunity to file an answer, yet he has failed to do so and has failed to offer any excuse for failing to do so.

## CONCLUSION

Based upon the foregoing, the undersigned recommends **GRANTING** the Government's **Second Motion to Strike Claim for Failure to Comply with Rule G(5)(b) and for Final Order of Forfeiture (Doc. 40).**  Given this recommendation, the undersigned recommends **DENYING** Santana's **Motion to Suppress (Doc. 19)** as moot.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE