IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                            CASE NO. 5:15-CV-5002

$9,820.00 in United States Currency                                 DEFENDANT

OPINION AND ORDER

Currently before the Court is the Report and Recommendation (Doc. 42) ("R & R") of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, filed in this case on January 20, 2016, regarding the Government's Second Motion to Strike Claim (Doc. 40) and Claimant Francisco Santana's Motion to Suppress (Doc. 19). After careful review of the R & R and the entire record, including Mr. Santana's Objections (Doc. 43) to the R & R, the Court **DECLINES TO ADOPT** the R & R, and **DENIES** both Motions, as explained below.

I. BACKGROUND

The Government began this forfeiture action in rem by filing its Complaint (Doc. 1) on January 5, 2015. The Government seeks forfeiture of $9,820.00 in United States Currency, which it alleges are drug-trafficking proceeds that were seized from Mr. Santana when he was arrested on September 20, 2012. Roughly one year ago, Mr. Santana filed a Verified Claim (Doc. 11) for the Currency. Then, two months later he filed the instant Motion to Suppress any use of the Currency as evidence, on the grounds that the Currency was unlawfully seized. However, Mr. Santana never filed an answer to the Complaint, so the Government has moved this Court to strike Mr.

1

Santana's claim for failure to comply with Supplemental Federal Rule of Civil Procedure G5.

Two months ago, Magistrate Judge Setser filed the instant R & R, recommending that this Court grant the Government's Motion and find Mr. Santanta's Motion moot. Mr. Santana timely objected to the R & R, which is now ripe for decision.

## II. DISCUSSION

### A. The Government's Second Motion to Strike

The Supplemental Federal Rule of Civil Procedure governing forfeiture actions in rem states that "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) . . . ." Rule G(8)(c)(i)(A). Accordingly, the Government has moved to strike Mr. Santana's claim, on the grounds that Mr. Santana has failed to comply with Rule G(5)(b)'s requirement that he file an answer to the Complaint. The Government is correct that Mr. Santana is in technical noncompliance with Rule G(5) by having failed to file an answer to the Complaint.

However, it seems clear to this Court that Mr. Santana's noncompliance was unintentional and grounded in a good-faith misunderstanding of the Magistrate Judge's prior orders in this case. On October 5, 2015, the Magistrate Judge entered a short Order stating that "Claimant . . . shall have until October 19, 2015, to file an answer. Santana shall have until November 9, 2015, in which to respond to the Government's interrogatories." (Doc. 36). Mr. Santana appears to have misinterpreted that Order as requiring him to update the Court by no later than October 19 as to his progress in "answering" the Government's interrogatories—which he did in a filing that was mailed to this Court on October 19. *See* Doc. 38. In that filing, he stated among other things

2

that he was having difficulty accessing some of the information he needed in order to provide complete responses to the Government's interrogatories. *Id.* at 2.

On November 17, 2015, the Magistrate Judge entered an Order extending both deadlines, requiring that "Santana shall have until November 30, 2015, to file an answer and to respond to the Government's interrogatories." (Doc. 39). Mr. Santana appears to have mistakenly believed the November 17 Order was instructing him to "answer" the Government's interrogatories by filing his responses to them in this Court's docket by no later than November 30—which he did in a filing that was postmarked December 1.[1] *See* Doc. 41.

Although any minimally competent attorney would have understood the Magistrate Judge's various references to an "answer" as referring to a specific type of pleading that is directly responsive to a complaint, Mr. Santana is neither an attorney nor represented by one. Understandably then, he reacts with puzzlement to the R & R's assertion that he has failed to file an answer by the deadline, objecting that:

> Santana has clearly shown that he filed an answer to special interrogatories on November 30, 2015 and that they were filed within the deadline. It is unclear why the Magistrate Judge asserts that Santana has failed to do so or for that matter offer any excuse for failing to do so when the evidence shows otherwise.

(Doc. 43, p. 2). Unfortunately for Mr. Santana, he did not file the sort of "answer" that was required of him. Fortunately for Mr. Santana, this Court recognizes that he has

---

[1] Mr. Santana, who is *pro se* and an inmate at a federal correctional facility in Forrest City, Arkansas, says he deposited this filing in the mail "at least one or two days prior" to December 1, (Doc. 43, p. 1), which the Court notes was a Tuesday. The Court assumes he is being truthful on this point, as there is nothing in the record indicating otherwise. "Under the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) (italics added).

3

been vigorously litigating his claim in good faith, and is therefore willing to give him one more opportunity to cure this deficiency by filing his answer *to the Government's Complaint*.

Therefore, the Court finds in its discretion, *see United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 562 (8th Cir. 2014), that the Government's Second Motion to Strike should be **DENIED**. Mr. Santana will be **ORDERED** to file his answer to the Government's Complaint (Doc. 1) **by no later than April 12, 2016. NO FURTHER EXTENSIONS OF THIS DEADLINE WILL BE GRANTED.** To ensure that there is no further confusion on this matter, the Clerk will be instructed to mail Mr. Santana a copy of the Government's Complaint along with this Order. Mr. Santana's answer must admit or deny each allegation contained in the Complaint, and state any defenses he wishes to assert. *See* Fed. R. Civ. P. 8(b). If Mr. Santana fails to file his answer to the Complaint by this deadline, then the Government may file another motion to strike his Verified Claim.

### B. Mr. Santana's Motion to Suppress

Rule G(8)(a) states that "[i]f the defendant property was seized, a party *with standing to contest the lawfulness of the seizure* may move to suppress use of the property as evidence" in the forfeiture proceeding. Rule G(8)(a) (emphasis added). Rule G has "been deemed to create statutory standing requirements for challenging forfeiture actions." *In re American River Transp. Co.*, 728 F.3d 839, 842 (8th Cir. 2013). Strict compliance with Rule G is a prerequisite for establishing statutory standing. *See id.* (citing *United States v. $22,050.00*, 595 F.3d 318, 323 n.5 (6th Cir. 2010)). As discussed in the preceding section of this Order, Rule G(5) requires forfeiture

4

challengers to file *both* a verified claim—which Mr. Santana filed on March 16, 2015, *see* Doc. 11—*and* an answer to the complaint—which Mr. Santana has not yet filed. This means that under Rule G(8)(a), Mr. Santana's Motion to Suppress is improper because he has not yet established standing to contest the lawfulness of the defendant property's seizure.

Therefore, Mr. Santana's Motion to Suppress is **DENIED**. However, Mr. Santana may refile his Motion to Suppress—**but only after he has filed an answer to the complaint.**

### III. CONCLUSION

Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation (Doc. 42), and **ORDERS** that the Government's Second Motion to Strike Claim (Doc. 40) and Claimant Francisco Santana's Motion to Suppress (Doc. 19) are both **DENIED**.

Mr. Santana may file his answer to the Government's Complaint (Doc. 1) **by no later than April 12, 2016.** If he fails to meet this deadline, then the Government may move to strike his claim. Mr. Santana may file another motion to suppress, **but only after he has filed an answer to the complaint.**

The Clerk is instructed to mail Mr. Santana a copy of the Government's Complaint (Doc. 1) along with this Order.

**IT IS SO ORDERED** on this 28th day of March, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE